FILED

14 JAN 16 PM 2:54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ 06 DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERATO CONTRERAS-SANCHEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NOS. 12-CV-251-BEN<br>10-CR-3375-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Civil Docket No. 1/Criminal Docket No. 25] |

Before this Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Petitioner Liberato Contreras-Sanchez. (Docket No. 25).[1]

**I. BACKGROUND**

Petitioner, who is not a United States citizen, was deported from the United States in November 2006 following a 2002 felony conviction in the Northern District of Illinois for attempting to posses with intent to distribute cocaine. (Plea Ag., Gov. Ex. 5, ¶ 3). Petitioner attempted to re-enter the United States without the express consent of the Attorney General, or his designated successor, the Secretary of the Department of Homeland Security. (*Id.*) Petitioner was charged by information on August 24, 2010 with violating 8 U.S.C. § 1326(a) and (b). (Information, Gov. Ex. 3).

---

[1] All docket numbers refer to the docket in the criminal case, 10-CR-3375.

Petitioner signed a fast-track plea agreement with the Government on September 16, 2010. (Plea Ag.) Petitioner agreed to plead guilty to a violation of 8 U.S.C. § 1326(a) and (b), which carries a maximum term of imprisonment of 20 years. (*Id.* ¶ 1). Petitioner admitted to committing the elements of the offense and agreed to certain facts, including the fact that he had previously been deported following a prior aggravated felony conviction. (*Id.* ¶ 3). The parties agreed to sentencing guidelines calculations that reduced Petitioner's offense level by five levels for acceptance of responsibility and acceptance of a fast-track offer. (*Id.* ¶ 4). The Government agreed to recommend that Petitioner be sentenced to the low end of the guidelines range, followed by three years of supervised release. (*Id.* ¶ 8).

Petitioner pled guilty before Magistrate Judge Jan M. Adler on September 21, 2010. (Plea Hearing Tr., Gov Ex. 6). Petitioner was sentenced by this Court to 37 months of imprisonment on December 9, 2010. (Sentencing Hearing Tr., Gov Ex. 7).

Petitioner signed the instant Motion on January 24, 2012. Petitioner makes two claims of ineffective assistance of counsel: (1) counsel failed to file a notice of appeal after Petitioner requested it, and (2) counsel failed to object to a sentence that exceeded the statutory maximum. For the reasons stated below, the Motion is **DENIED**.

## II. LEGAL STANDARD

A district court may "vacate, set aside or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. 28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing before denying a § 2255 motion, unless it is conclusively shown that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b). However, if it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

///

///

## III. DISCUSSION

Review of the record in this matter reveals that Petitioner's claims are barred by his valid waiver of his collateral attack rights. Petitioner's claim regarding the statutory maximum also fails on the merits.

### A. Waiver

As part of the plea agreement, Petitioner agreed to waive his right to collaterally attack his sentence. (Plea Ag. ¶ 11). The Ninth Circuit has upheld the validity of waivers of the right to collateral attack a sentence pursuant to § 2255. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). Waivers in plea bargaining are "an important component of this country's criminal justice system." *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (citation omitted) (in the context of a waiver of right to appeal). The Ninth Circuit has held that public policy strongly supports plea agreements. *Id.* Plea bargaining saves the state time and money, allowing it to promptly impose punishment without expending resources. *Id.* at 322 (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 n.3 (1987)). Additionally, and "perhaps the most important benefit of plea bargaining, is the finality that results." *Id.* at 322.

The right of collateral attack in a criminal case is purely statutory. *Abarca*, 985 F.2d at 1014. A waiver of the right to collateral attack will be upheld where it was "knowing and voluntary." *Id.* A knowing and voluntary waiver is enforceable where the language of the waiver encompasses the grounds raised. *See Patterson-Romo v. United States*, No. 10-cr-3319, No. 12-cv-1343, 2012 WL 2060872, at *1 (S.D. Cal. June 7, 2012); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011)(citation omitted) (discussing the right to appeal).

#### 1. Knowing and Voluntary

The waiver of a statutory right to challenge a conviction or sentence is knowing and voluntary if the plea agreement as a whole was knowing and voluntary. *See United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005) (discussing the right to appeal)

1  (overruled on other grounds); *United States v. Portillo-Cano*, 192 F.3d 1246, 1250
2  (9th Cir. 1999) ("waivers of appeal must stand or fall with the agreement of which they
3  are a part") (internal quotations and citations omitted). A waiver will be considered
4  knowing and voluntary where the plea colloquy satisfies Rule 11, and the record
5  reveals no misrepresentation or gross mischaracterization by counsel that tainted the
6  plea. *See United States v. Sepulveda-Iribe*, 197 Fed. Appx. 592, 592 (9th Cir. 2006)
7  (citing *Jeronimo*, 398 F.3d at 1157 n.5) (discussing right to appeal). After a careful
8  review of the written plea agreement, the Rule 11 plea colloquy, and the entire record
9  in this matter, this Court finds that the plea and the waiver were knowing and
10 voluntary.

11     The agreement conferred significant benefits on Petitioner. Although he faced
12 a maximum sentence of 20 years for his offense, the agreement lead the Government
13 to recommend a 37-month sentence which this Court ultimately agreed to impose.

14     In the agreement, Petitioner agreed to a paragraph entitled "Defendant Waives
15 Appeal and Collateral Attack." (*Id.* ¶ 11). In relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the fullest extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence . . . unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory minimum term, if applicable.

20 (*Id.*) This Court did not impose a custodial sentence above the high end of the
21 guideline range or any statutory minimum.

22     By signing the agreement, Petitioner stated that he was representing that he had
23 "full opportunity to discuss all facts and circumstances with defense counsel and has
24 a clear understanding of the charges and the consequences of the plea," that no one had
25 made any other promises or offered any reward for his plea, that he was not threatened,
26 and that he was pleading guilty only because he was in fact guilty. (Plea Ag. ¶ 1(b)).
27 He agreed that he had discussed the sentencing guidelines with counsel. (*Id.* ¶ 4).
28 Petitioner also agreed to a paragraph which stated that:

> By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language), has discussed its terms with defense counsel and fully understands its meaning and effect. Defendant also has communicated with defense counsel and is satisfied with the representation received.

(*Id.* ¶ 14). Petitioner signed and dated the agreement, and initialed every page. The agreement was also signed by Petitioner's counsel. (*Id.* at 4). The final page of the agreement bears handwritten notations stating that the document was translated on August 26, 2010 and that it was "reviewed" by a second interpreter on September 16, 2010, the date it was signed by Petitioner. (*Id.*)

The Court also reviewed the transcript of the change of plea hearing held before Magistrate Judge Adler. (Plea Hearing Tr.) Petitioner, who was represented by counsel, was informed by the Magistrate Judge about the rights he was giving up by pleading guilty. (*Id.* at 5:18-6:6). The Magistrate Judge explained, and Petitioner stated that he understood, the charge, (*id.* at 6:9-15), the maximum penalties, (*id.* at 6:17-7:6), the deportation consequences, (*id.* at 7:16-20), and the role of the sentencing guidelines, (*id.* at 7:23-8:8). He stated that he had discussed the guidelines with his attorney. (*Id.* at 8:9-13). The Magistrate Judge also specifically inquired about the plea agreement. Petitioner stated to the Magistrate Judge that he recalled signing and initialing the agreement, that he had a chance to go over it with his attorney, that it was translated into Spanish, and that he had no questions about it. (*Id.* at 8:17-9:5). The Magistrate Judge highlighted the waiver provision and explained its meaning to Petitioner. (*Id.* at 9:6-16). Petitioner stated that he understood and agreed to the provision. (*Id.* at 9:16-18). The Magistrate Judge went over the factual basis of the plea, and Petitioner admitted to the relevant facts. (*Id.* at 10:14-11:15). Petitioner's counsel also affirmed to the Magistrate Judge that he had discussed the agreement with Petitioner and believed that his client understood it, and that he believed the plea was made freely and voluntarily. (*Id.* at 9:19-23; 11:19-22). The Magistrate Judge specifically found that his plea was "freely and voluntarily given with an understanding, knowing and intelligent waiver of each defendant's rights." (*Id.* at

12:17-20). The Magistrate Judge found that he was competent to enter the plea and that there was a factual basis. (*Id.* at 12:20-22).

Finally, when Petitioner was sentenced before this Court, both Petitioner and his counsel stated to this Court that Petitioner had waived his right to appeal and collateral attack. (Sent. Hearing Tr. at 7:13-18).

Since the Rule 11 colloquy was proper, the waiver will be considered proper if there is no misrepresentation or gross mischaracterization by counsel. *See Sepulveda-Iribe,* 197 Fed. Appx. at 592. No misrepresentation or mischaracterization has been alleged. Petitioner nowhere alleged that his plea or his plea agreement was not knowing and voluntary. He does not challenge the agreement or plea colloquy. He nowhere asserts that counsel was ineffective during the plea process. After full consideration of the briefing and the record in this matter, this Court concludes that the waiver of collateral attack rights was knowing and voluntary.

### 2. Scope of the Waiver

Petitioner's claims will be waived if they come within the scope of the provision. Plea agreements are contractual in nature and are measured by contractual standards. *United States v. Clark,* 218 F.3d 1092, 1095 (9th Cir.), *cert. denied,* 531 U.S. 1057 (2000). In interpreting a plea agreement, a court looks to what the parties reasonably understood to be the terms of the agreement. *See United States v. Torres,* 999 F.2d 376, 378 (9th Cir. 1993) (citation omitted).

The waiver provision of this agreement is broad and clearly covers the claims that Petitioner asserts. Petitioner claims that his counsel was ineffective for failing to file a notice of appeal, and for failing to object to a sentence that exceeded the statutory maximum. Such claims are covered by Petitioner's waiver of his right to collaterally attack his guilty plea, conviction, or sentence, to the full extent of the law. (Plea Ag. ¶ 11). His challenge of counsel's alleged failure to file a notice of appeal is an effort to challenge that conviction and/or sentence. His challenge regarding the statutory maximum is an attack on the legality of the sentence imposed. Both claims are within

the scope of the agreement.

There is a narrow category of claims which the Ninth Circuit has suggested might not be precluded by a waiver, such as claims that challenge the voluntariness of the waiver or claims that the petitioner received ineffective assistance of counsel when considering a plea agreement. *See Abarca*, 985 F.2d at 1014 (declining to hold that a waiver categorically forecloses a defendant from bringing any § 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of the waiver); *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (waiver provision in plea agreement unenforceable with respect to ineffective assistance of counsel claim pursuant to § 2254 that challenges the voluntariness of the waiver). However, Petitioner's claims do not challenge the waiver, the plea agreement, or their voluntariness in any fashion.

Courts have enforced collateral attack waivers in the face of claims of ineffective assistance of counsel for refusal to file a notice of appeal. *United States v. Dominguez-Barajas*, No. CV 13-959, 2013 WL 4026895, at *3 (D. Ariz. Aug. 7, 2013); *United States v. Gomez-Cazares*, CV 12-2527, 2013 WL 394208, at *3 (D. Ariz. Jan. 31, 2013); *Lewis v. United States*, No. CV 08-2084, 2009 WL 4694042, at *4-5 (D. Ariz. Dec. 4, 2009).

The Court notes that at least one district court has repeatedly interpreted the Supreme Court's opinion in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and the Ninth Circuit's opinion in *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005) to mean that a valid waiver of the right to collateral attack cannot preclude a claim of ineffective assistance of counsel based on counsel's refusal to file a notice of appeal when asked. *E.g., Sanchez v. United States*, No. CV-F-05-346, CR-F-03-5165, 2008 WL 2622866, at *1 (E.D. Cal. June 24, 2008); *Torres v. United States*, No. CV-F-05-878, CR-F-03-5165, 2008 WL 2622867, at *1 (E.D. Cal. June 24, 2008) (nearly identical orders issued by the same district judge).

In *Flores-Ortega*, the Supreme Court considered an ineffective assistance of

counsel claim in which the attorney failed to file a notice of appeal where the client did not specifically instruct the attorney to file or not to file. 528 U.S. at 475, 477. The Court cited to its past conclusion that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (citations omitted). In citations, the Court quoted past precedent that stated that "[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.* at 477 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999) (alteration in *Flores-Ortega* ). In stating the test for prejudice where an attorney fails to file a notice of appeal, the Court stated that the relevant inquiry is whether there was a reasonable probability that a defendant would have appealed, and not that a defendant would have prevailed. *See id.* at 484, 486.

The Ninth Circuit in *Sandoval-Lopez* ruled that when a petitioner claims that he asked his attorney to file a notice of appeal and the attorney fails to do so, the district court cannot dismiss the motion without an evidentiary hearing, even if there was a valid waiver of the right to appeal, Petitioner did not appear to have nonfrivolous grounds for appeal, and a new trial after a successful appeal would likely result in a longer sentence. *Sandoval-Lopez*, 409 F.3d at 1197-98. The Ninth Circuit's opinion was based upon the court's interpretation of Supreme Court precedent, which it characterized as "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client." *Sandoval-Lopez*, 409 F.3d at 1197.

The district court in *Sanchez* and *Torres* held that:

> Although *Sandoval-Lopez* did not specifically involve a waiver of the right to appeal and a waiver of the right to collaterally attack his conviction and sentence, the Ninth Circuit's holding, when conjoined with the Supreme Court's statement in *Roe v. Flores-Ortega*, 528 U.S. 470, 477 . . . (2000), strongly implies that this claim of ineffective assistance of counsel may proceed to the merits, notwithstanding waiver issues.

*Sanchez*, 2008 WL 2622866, at *1; *Torres*, 2008 WL 2622867, at *1 (same language). The court did not elaborate on its reasoning.

Upon examination of the relevant precedent, this Court agrees with those courts that have held that a valid collateral attack waiver may preclude a claim of ineffective assistance of counsel based upon refusal to file a notice of appeal. Neither *Flores-Ortega* nor *Sandoval-Lopez* addressed the impact of a waiver of *collateral attack* rights. *Flores-Ortega* and *Sandoval-Lopez* discussed the impact that a petitioner's chance of success on appeal or waiver of appeal had on the *merits* of an ineffective assistance of counsel claim, and not the question of whether such a claim could be brought in the first place. With the possible exception of claims attacking the voluntariness of the waiver itself, a valid waiver of § 2255 collateral attack rights will be enforced, even if the grounds for the collateral attack are meritorious. Indeed, if the enforceability of a waiver were dependent on the merits of the claims, the waiver would be of no value to the government. As the district court explained in *Lewis v. United States*:

> What is at issue here is not the validity of Movant's claim that counsel was ineffective for failing to file an appeal. Rather, what is at issue here is the enforceability of Movant's waiver of his right to assert such a claim in a collateral attack. Nothing in *Flores–Ortega* or *Sandoval–Lopez* would render Movant's waiver unenforceable.

2009 WL 4694042, at *5.

### 3. Conclusion

Petitioner's waiver of his right to collaterally attack his sentence pursuant to § 2255 was knowing and voluntary, and the scope of waiver provision encompasses his claims. As such, both of Plaintiffs claims are barred by the collateral attack waiver.

### B. Failure to Object to Illegal Sentence

Given Petitioner's valid waiver, it is not necessary for this Court to consider the merits of the claims. However, even if Petitioner's waiver was invalid, his claim would fail because he was not illegally sentenced.

Petitioner claims that his attorney should have objected because his sentence exceeded the two-year sentence statutory maximum set in 8 U.S.C. § 1326(a). (Mot. at 5). 8 U.S.C. § 1326(a) states that an alien meeting the requirements "shall be fined

under Title 18, or imprisoned not more than 2 years, or both." It appears to this Court that Petitioner believes he is subject to that subsection. However, subsection (a) also explicitly states that it is "subject to subsection (b) of this section." *Id.* Subsection (b) imposes different criminal penalties for certain aliens. If a defendant is in one of the categories described in this section, a court may impose a higher penalty. *See* 8 U.S.C. § 1326(b). Specific to this case, the statute permits aliens who commit the actions described in § 1326(a), and who were previously removed because of an aggravated felony, to be imprisoned up to 20 years. 8 U.S.C. § 1326(b)(2). This Court imposed its sentence pursuant to 8 U.S.C. § 1326(b). (Judgment, Docket No. 23, at 2).

In the plea agreement, Petitioner agreed and admitted to certain facts, including the fact that he had previously been deported and removed after suffering a prior aggravated felony conviction. (Plea Ag. ¶ 3). Petitioner was informed by the Magistrate Judge at his change of plea hearing that he was subject to a maximum of 20 years in prison, and he indicated that he understood. (Plea Hearing Tr. at 6:18-17:6). The Magistrate Judge specifically inquired about the factual basis for the plea, including the prior aggravated felony conviction and the resulting increase in his offense level for the purposes of the sentencing guidelines. (*Id.* at 11:5-15).

As the facts clearly demonstrate that Petitioner had a prior aggravated felony conviction, he was subject to a 20-year maximum, not a 2-year maximum, and it was not error for his attorney to fail to raise a meritless objection. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (9th Cir. 2008) (trial counsel is not ineffective for failing to raise a meritless objection).

### IV. EVIDENTIARY HEARING

Unless the motion and the records of a case conclusively show that the prisoner is entitled to no relief, a court is required to grant a hearing. 28 U.S.C. § 2255(b). However, where the record demonstrates that a petitioner has failed to state a claim, a district court may deny a § 2255 motion without an evidentiary hearing. *Quan*, 789 F.2d at 715. Given the foregoing discussion, this Court finds that Petitioner cannot

succeed upon his claims, and holding an evidentiary hearing or seeking additional briefing would serve no purpose.

## V. CONCLUSION

In accordance with the conclusions set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Petitioner has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: January //, 2014

HON. ROGER T. BENITEZ
United States District Judge